# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40632
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL LOZANO, also known as "SOS",

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-241

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Samuel Lozano appeals his jury trial conviction for conspiracy to distribute and possess with intent to distribute cocaine and marijuana. He contends that the district court (1) abused its discretion by declining to include an instruction on multiple conspiracies in its jury charge and (2) failed, on his counsel's pretrial disclosure that he had previously represented two government witnesses in unrelated criminal matters, to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct a *Garcia*[1] hearing or inform him of his right to new appointed counsel in light of his declared indigence. Finding no merit in Lozano's arguments, we affirm.

"A multiple conspiracy charge instructs the jury to acquit if it finds that the defendant was not a member of the indicted conspiracy but rather was involved in another conspiracy." *United States v. Cavin*, 39 F.3d 1299, 1310 (5th Cir. 1994). Lozano asserts that a multiple-conspiracies instruction was warranted based on the lack of evidence establishing a connection between himself and a number of the other charged co-conspirators, as well as evidence that other co-conspirators participated in narcotics transactions in which he was not involved.

Unlike cases in which we have held the failure to give a multiple-conspiracies instruction to be reversible error, however, none of Lozano's asserted facts indicates that his illicit operations were "in most respects independent from" those of his co-defendants. *United States v. Erwin*, 793 F.2d 656, 662-63 (5th Cir. 1986). Our review of the record reveals no evidence of either "the existence of an additional conspiracy separate and distinct from that charged in the indictment," *United States v. Toro*, 840 F.2d 1221, 1236 (5th Cir. 1988), or that Lozano "w[as] only involved in separate conspiracies unrelated to the overall conspiracy charge in the indictment." *United States v. Greer*, 939 F.2d 1076, 1088 (5th Cir. 1991) (internal quotation marks and citation omitted), *opinion reinstated in part on reh'g*, 968 F.2d 433 (5th Cir. 1992); *United States v. Castaneda-Cantu*, 20 F.3d 1325, 1334 (5th Cir. 1994). We therefore hold that the district court did not abuse its discretion in

---

[1] *United States v. Garcia*, 517 F.2d 272, 277-78 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259 (1984).

declining to instruct the jury on the theory of multiple conspiracies. *See Castaneda-Cantu*, 20 F.3d at 1333-34; *Greer*, 939 F.2d at 1088.

Lozano's second contention stems from his retained counsel's pretrial disclosure that he had previously represented government witnesses Galvan and Narvaez in unrelated criminal matters. Counsel insisted that his prior representations did not create any conflict of interest on his part and, on questioning by the district court, Lozano twice affirmed that he was comfortable proceeding to trial represented by counsel. Lozano also noted that, in any event, he lacked the ability to afford replacement counsel.

Lozano does not contend that counsel was in fact laboring under a conflict of interest, let alone one that adversely affected his performance at trial. *See Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). Lozano did not declare to the district court that he was no longer able to afford to pay Mason. *See* 18. U.S.C. § 3006A(c). Neither does the record reflect that Lozano requested the appointment of new counsel. *Cf. United States v. Mason*, 480 F. App'x 329, 335 (5th Cir. 2012). Rather, Lozano insists that his declaration of indigence alone sufficed to trigger the district court's obligation to conduct a *Garcia* hearing and to advise him of his right to the appointment of conflict-free counsel. Our jurisprudence is to the contrary, holding that trial courts have a duty to inform a defendant of his right to new counsel and to conduct a *Garcia* hearing only after the existence of a conflict of interest has been established. *See United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir. 1992). Lozano offers no reasoned basis why indigence should be a cause for waiving the conflict-of-interest requirement. Lozano has not shown that the district court had a duty either to inform him of his right

No. 15-40632

to free replacement counsel or to conduct a *Garcia* hearing.  *See Garcia-Jasso*, 472 F.3d at 243; *Greig*, 967 F.2d at 1022.

    The judgment of the district court is AFFIRMED.